UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM PFLAUM, Individually and as a
Citizen, Resident and Taxpayer of Town of
Stuyvesant,

                    Plaintiff,

v.                                                      1:11-CV-0335
                                                        (GTS/RFT)

TOWN OF STUYVESANT, Columbia Cnty.,
N.Y.; and VALERIE BERTRAM, Individually
and as Supervisor of Town of Stuyvesant,

                    Defendants.
_____

APPEARANCES:                              OF COUNSEL:

CARL E. PERSON                            CARL E. PERSON, ESQ.
  Attorney for Plaintiff
325 West 45th Street – Suite 201
New York, NY 10036

BURKE, SCOLAMIERO, MORTATI &             SHARON SIEGEL, ESQ.
  HURD, LLP                              THOMAS J. MORTATI, ESQ.
  Attorneys for Defendants
9 Washington Square, Suite 201
P.O. Box 15085
Albany, NY 12212-5085

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this civil rights action filed by William Pflaum ("Plaintiff")

against the Town of Stuyvesant ("Town") and Valerie Bertram, Town Supervisor ("Bertram")

(collectively, "Defendants"), is Defendants' motion to dismiss Plaintiff's Complaint for lack of

subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction

pursuant to Fed. R. Civ. P. 12(b)(1), and failure to state a claim upon which relief can be granted

pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 10.) For the reasons set forth below, Defendants'

motion is granted in part and denied in part.

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Complaint

Generally, construed with the utmost of special liberality, Plaintiff's Complaint asserts

the following six claims against Defendants: (1) violations of Plaintiff's rights to equal

protection and due process under both the United States Constitution and the New York State

Constitution related to Defendants' tax assessments and below-market pricing for Town property

use; (2) "corruption and denial of honest services" related to Defendants' payments to Town

employees and contractors; (3) "corruption and denial of honest services" related to Defendants'

denial of Plaintiff's requests under the Freedom of Information Law ("FOIL"); (4) retaliation for

Plaintiff's charges of ethical violations against Bertram in violation of Plaintiff's rights under the

First Amendment; (5) the Town's zoning law, as applied, violates Plaintiff's Fourteenth

Amendment rights to equal protection and due process; and (6) "[t]he 2010 Dog Law, section 10,

violates the [Fourth] [A]mendment to the U[nited] S[tates] Constitution." (*See generally* Dkt.

No. 1 [Pl.'s Compl]; Dkt. No. 12 [Pl.'s Mem. of Law].)[1]

---

[1]     At the time Plaintiff commenced this action, he appeared *pro se*. (*See* Dkt. No. 1 [Compl.].) Accordingly, the Court affords the allegations in the Complaint the special solicitude typically afforded to *pro se* pleadings. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Counsel has now appeared on behalf of Plaintiff and has drafted the papers in opposition to the current motion to dismiss. Accordingly, the Court will not afford the arguments in Plaintiff's opposition memorandum of law the special solicitude afforded to arguments made by *pro se* litigants. *See De La Rosa v. New York City 33 Precinct*, No. 07-CV-7577, 2010 WL 1737108, at *1, 5 (S.D.N.Y. Apr. 27, 2010); *James v. Newsweek*, No. 96-CV-0393, 1999 WL 796173, at *7 (S.D.N.Y. Sept. 30, 1999), *aff'd*, 213 F.3d 626 (2d Cir. 2000), *cert. denied*, 531 U.S. 926, 121 S. Ct. 303 (2000).

Generally, in support of his claims, Plaintiff sets forth the following factual allegations in his Complaint, which are accepted by the Court as true for purposes of deciding the current motion.

Plaintiff is a resident and taxpayer in the Town, and is the sole owner of Glencadia Dog Camp, a dog kennel business that is located in the Town. Bertram, as Town Supervisor, also resides in the Town. In his Complaint, Plaintiff identifies three broad areas of grievances against Bertram, the Town and Town employees: (1) the manipulation of real estate assessments to result in artificially lower taxes for favored residents and artificially higher taxes on less favored residents, including the Plaintiff, and permitting favored residents to use Town property without adequate compensation for such use, resulting in higher taxes for less favored residents, including the Plaintiff; (2) the receipt of unlawful income by the Town Attorney and other Town employees and independent contractors; and (3) the illegal withholding of information from the public regarding Town assessment and financial data. (*See id.* at ¶¶ 52-80.)

Specifically, Plaintiff alleges that Bertram "restricts the use of public land located near her residence for her own benefit, thereby illegally increasing the value and privacy of her residence." (*Id*. at ¶ 17.) The Town Assessor, with Bertram, has "allow[ed] favored residents to pay substantially reduced or nominal taxes while unlawfully increasing the real property taxes of the Plaintiff and various political opponents of the Supervisor[; and has] raise[d] taxes to intimidate the Plaintiff and attempt to silence his constitutionally protected speech and criticism of [the Assessor and Bertram.]" (*Id*. at ¶¶ 38-39.)

Plaintiff alleges that the Town Code and Zoning Officer "illegally revoked Plaintiff's permit to operate his dog-kennel business, harassed Plaintiff with more than 20 pre-dawn surveillances (sic), solicited and encouraged neighbors to file official but falsified complaints

3

against the Plaintiff and his dog business, and denied constitutional rights to the Plaintiff as well as other residents of the Town over a period of years." (*Id*. at ¶ 36.) In September 2010, Town employees denied Plaintiff's due process "to appeal the arbitrary and illegal revocation of the permit to operate his business." (*Id*. at ¶ 31.) Specifically, Plaintiff alleges, Bertram and the Town Attorney "abused the Plaintiff's good faith offer to settle the zoning case as a pretext for revoking the permit through the planning board process should the zoning process fail to achieve the desired punitive results." (*Id*. at ¶ 33.) The Town Attorney also "falsely claimed that Plaintiff lied in his 2009 Planning Board process as a false justification for closing the Plaintiff's business down [which was] part of the plot to turn [the] settlement offer and Planning Board hearing into a secondary effort to arbitrar[il]y close Plaintiff's business." (*Id*. at ¶ 34.) Plaintiff also alleges that the Town Attorney has made illegal demands upon Plaintiff for "payment of legal fees personally" for services that he was being paid by the Town to perform. (*Id.* at ¶¶ 27-30.)

Further, Plaintiff alleges that Bertram has "used her official powers to punish [] Plaintiff for filing [] complaint[s] with the county Board of Supervisors [and] with the New York Bar Association, submitting FOIL requests, calling for a referendum on a bond issue, publishing documents, investigating assessment rolls, participating in elections and campaigning for mediation services in neighbor to neighbor disputes." (*Id.* at ¶ 18.) In retaliation for Plaintiff's charges of ethical violations against Bertram, she has "collaborated with and supported" the Town's Fire Chief to deny and/or threaten to deny fire protection to Plaintiff. (*Id*. at ¶¶ 20-21.) Bertram has further "supported and encouraged" various Town employees to "illegal[ly] revo[ke] . . . Plaintiff's permit to operate his business[; ]" and "to silence Plaintiff to stop

Plaintiff from investigating the fraudulent assessment of the Hook Boat Club[2] and to prevent

Plaintiff from calling for a referendum on a town garage project bond issue." (*Id.* at ¶¶ 22-23.)

Finally, Bertram, as FOIL appeal officer for the Town, has failed to respond to "all thirteen (13)

of the Plaintiff's FOIL appeals." (*Id*. at ¶ 25.)

Familiarity with the remaining factual allegations supporting Plaintiff's claims is

assumed in this Decision and Order, which is intended primarily for review by the parties. (*See*

*generally* Dkt. No. 1.)

### B.     Defendants' Motion

Generally, in support of their motion to dismiss Plaintiff's Complaint, Defendants assert

the following six arguments: (1) the Complaint must be dismissed because Plaintiff failed to file

a notice of claim; (2) Plaintiff's claims under the First, Fifth and Fourteenth Amendments must

be dismissed because no such claims may be filed against a municipality directly under the

Constitution; (3) Plaintiff has failed to set forth a cause of action for the violation of his rights

under the Equal Protection Clause or the Due Process Clause; (4) Count II of the Complaint must

be dismissed because Plaintiff does not allege a violation of any recognizable constitutional

right; (5) Count III of the Complaint must be dismissed because Plaintiff does not allege a

violation of any due process right; and (6) Count IV of the Complaint generally fails to allege a

claim upon which relief may be granted. (*See generally* Dkt. No. 10-7.)

Generally, in response to Defendants' motion to dismiss, Plaintiff asserts the following

arguments: (1) Plaintiff has filed a special proceeding to obtain a nunc pro tunc order permitting

---

[2]       The Hook Boat Club, according to Plaintiff is a "group of favored residents . . .
located in the marina and other resort facilities in the Town [who] . . . enjoy the use of the
Town's property (apparently privately owned) without paying the Town adequate compensation
for such use." (Dkt. No. 1, at ¶ 45 [Pl.'s Compl.].)

belated service of his notice of claim; (2) Plaintiff's Complaint should not be dismissed for

failure to cite 42 U.S.C. § 1983 as the statutory vehicle pursuant to which he asserts his

constitutional claims; (3) Plaintiff has set forth a cause of action based on the denial of his due

process and equal protection rights and has alleged a continuing controversy; (4) Count II of

Plaintiff's Complaint sets forth meritorious claims of corruption and denial of honest services,

with a Constitutional right of the courts to intervene; (5) Count III of Plaintiff's Complaint sets

forth additional meritorious claims of corruption and denial of honest services, with a

Constitutional right of the courts to intervene; and (6) Count IV of Plaintiff's Complaint alleges

specific instances of discriminatory treatment.  (*See generally* Dkt. No. 12.)

Generally, in reply to Plaintiff's response, Defendants assert the following arguments: (1)

Plaintiff's declaration and annexed exhibits may not be considered by the Court; (2) Plaintiff's

request to amend the Complaint to state claims under 42 U.S.C. § 1983 must be denied; (3)

Plaintiff's Complaint must be dismissed because Plaintiff has failed to serve the necessary notice

of claim; and (4) Plaintiff fails to allege a due process or other Constitutional claim upon which

relief can be granted.  (*See generally* Dkt. No. 15.)

## II.    RELEVANT LEGAL STANDARDS

### A.    Legal Standard Governing Motions to Dismiss for Failure to State Claim

It has long been understood that a defendant may base a motion to dismiss for failure to

state a claim upon which relief can be granted on either or both of two grounds: (1) a challenge

to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal

cognizability of the claim.  *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn. 15-16

(N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such motions are often based on the first ground, a few words on that ground are

appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34(1)(b) at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-83, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561, 127 S. Ct. at 1968-69. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 556-70, 127 S. Ct. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean the pleading must contain at least "some factual allegation[s]." *Id*. at 555, 127 S. Ct. at 1965, n.3. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*. at 554, 127 S. Ct. at 1965.[3]

---

[3]      It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200 (2007) (emphasis added). That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, n.3 (citing *Conley*, 355 U.S. at 47) (emphasis added). That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough facts set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak*, 629 F. Supp. 2d at 214 & n.35 (explaining holding in *Erickson*).

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, at 678, 129 S. Ct. at 1949.

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se*

plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[4]

Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the

requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil

rights plaintiffs must follow.[5]  Stated more simply, when a plaintiff is proceeding *pro se*, "all

normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp. 2d at 214, n.28.

Finally, a few words are appropriate regarding what documents are considered on a

motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.

R. Civ. P. 12(b)(6).  The court may consider the following documents without triggering the

summary judgment standard: "(1) documents attached as an exhibit to the complaint or answer,

(2) documents incorporated by reference into the complaint (and provided by the parties), (3)

documents that, although not incorporated by reference, are "integral" to the complaint, or (4)

any matter of which the court can take judicial notice for the factual background of the case."

*Planck v. Schenectady Cnty.*, No. 12-CV-0336, 2012 WL 1977972, at *5 (N.D.N.Y. June 1,

2012) (Suddaby, J.).  Moreover, "a *pro se* plaintiff's papers in response to a defendant's motion

to dismiss for failure to state a claim may be considered as effectively amending the allegations

of his complaint–to the extent those papers are consistent with the allegations in the complaint."

*Planck*, 2012 WL 1977972, at *5.

### B.     Legal Standard Governing Motions to Dismiss for Lack of Subject Matter Jurisdiction

---

[4]     *See Vega v. Artus,* 610 F. Supp. 2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

[5]     *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *See Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

### C. Legal Standard Governing Motions to Dismiss for lack of Personal Jurisdiction

"When a defendant moves to dismiss a complaint under Rule 12(b) (2) for want of personal jurisdiction, courts must perform a two-part analysis." *Harris v. Ware*, No. 04-CV-1120, 2005 WL 503935, at *1 (E.D.N.Y. Mar. 4, 2005). "First, personal jurisdiction over a defendant must be established under the law of the state where the federal court sits." *Harris*, 2005 WL 503935, at *1 (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir.1999) ). "Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, the service of a summons establishes personal jurisdiction over a defendant 'who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located.'" *Id*. (citation omitted). "Second, if jurisdiction is established under the

governing statute, courts must determine whether the exercise of jurisdiction under the relevant state law would violate the defendant's due process rights." *Id*. (citation omitted).

The plaintiff "bears the burden of establishing that the court has jurisdiction over the defendant, since Defendant has served the Rule 12(b)(2) motion." *Aldinger v. Segler*, No. 04-CV-4405, 2005 WL 2591958, at *2 (S.D.N.Y. Oct. 13, 2005) (internal quotation marks and citation omitted). Unless a court conducts "a full-blown evidentiary hearing," the plaintiff only needs to make "a prima facie showing of jurisdiction through its own affidavits and supporting materials to survive a motion to dismiss under Rule 12(b) (2)." *Harris*, 2005 WL 503935, at *1 (internal quotation marks and citations omitted). "In other words, prior to discovery, a plaintiff may defeat a jurisdiction-testing motion by pleading in good faith, ... legally sufficient allegations of jurisdiction." *Harris*, 2005 WL 503935, at *1 (internal quotation marks and citations omitted). "If the plaintiff fails to make the requisite showing, [the Court] may dismiss the complaint pursuant to Rule 12(b)(2)." *Id* . "When evaluating the parties' submissions, the Court will read the Complaint and submissions in the light most favorable to Plaintiff." *Daou v. Early Advantage, LLC*, 410 F. Supp. 2d 82, 88-89 (N.D.N.Y. 2006) (Scullin, J.) (citations omitted).

### D. Legal Standard Governing Unopposed Motions

In this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b) (3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief

requested therein...."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n. 1 (N.D.N.Y. Oct.30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n. 3 (N.D.N.Y. Aug.7, 2009) (Suddaby, J.) (collecting cases).

### E. Legal Standards Governing Plaintiff's Claims

#### 1. 42 U.S.C. § 1983

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege "(1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state ... law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920 (1980) (internal quotations omitted)). "Section 1983 is not itself a source of substantive rights[,] but merely provides a method for vindicating federal rights elsewhere conferred[.]" *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689 (1979)).

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Kregler v. City of New York*, 821 F. Supp. 2d 651, 655-656 (S.D.N.Y. 2011) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994) (internal quotation marks omitted)). A plaintiff may allege the personal involvement of a defendant who occupies a supervisory position by alleging that the defendant: "(1) directly participated in the infraction; (2) failed to remedy the wrong after learning of the violation; (3) created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue; (4) was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) exhibited 'gross negligence' or 'deliberate indifference' to the constitutional rights of [the plaintiff] by having actual or constructive notice of the

13

unconstitutional practices and failing to act." *Kregler*, 821 F. Supp. 2d at 655-56 (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995); *Wright*, 21 F.3d at 501).

A municipality may only be liable on a § 1983 claim "if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018 (1978)). In the absence of such a custom or policy, a municipality may not be held liable on a § 1983 claim for the actions of its employees under a theory of vicarious liability. *See Jones*, 691 F.3d at 80 (citing *Monell*, 436 U.S. at 691, 98 S. Ct. 2018). Thus, isolated acts of municipal employees are typically not sufficient to establish municipal liability. However, acts done "pursuant to municipal policy, or [that] were sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisory authorities must have been aware" would justify liability of the municipality. *Jones*, 691 F.3d at 81. Further, "a municipal custom, policy, or usage would be inferred from evidence of deliberate indifference of supervisory officials to such abuses." *Id.*

### a. Due Process

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Thus, in order to state a § 1983 a claim for violation of one's rights under the Due Process Clause, a plaintiff must first allege that he possesses a liberty or property interest protected by the Constitution or federal statutes. *See Little v. City of New York*, 487 F. Supp. 2d 426, 442 (S.D.N.Y. 2007) (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 313 (2d Cir.2002)).

In addition, where challenging the alleged deprivation of one's procedural due process rights, a plaintiff must allege that he was deprived of a property or liberty interest without having received notice and an opportunity to be heard regarding the deprivation. *See Ceja v. Vacca*, No. 12-2076, 2012 WL 5673854, at *1 (2d Cir. 2012) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487 (1985)). Where adequate pre-deprivation and post deprivation remedies are available under state law, a party may not prevail on his due process claim under § 1983. *See Rackley v. City of New York*, 186 F. Supp. 2d 466, 481-82 (S.D.N.Y. 2002) (citing cases).

When asserting that the deprivation of a liberty or property interest violated one's substantive due process rights, a plaintiff must "demonstrate that the defendant acted in an arbitrary or irrational manner in depriving him of that . . . interest." *Ruston v. Town of Skaneateles*, No. 06-CV-927, 2008 WL 5423038, at *3 (N.D.N.Y. Dec. 24, 2008), aff'd, 610 F.3d 55 (2d Cir. 2010). cert. denied, 131 S. Ct. 824 (2010) (quoting *Crowley v. Courville*, 76 F.3d 47, 52 (2d Cir. 1996)). Moreover, only government action that is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience" may be challenged as a violation of one's right to substantive due process. *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005).

### b. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment, which provides that "no State shall ... deny to any person within its jurisdiction the equal protection of the laws" (see U.S. Const. amend. XIV, § 1), "requires the government to treat all similarly situated individuals alike." *Young v. Suffolk Cnty.*, 705 F. Supp. 2d 183, 204 (E.D.N.Y. 2010) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439, 105 S. Ct. 3249 (1985)).

When challenging the selective enforcement of a law under the Equal Protection Clause, a plaintiff must prove that (1) compared with others similarly situated, he was selectively treated; and (2) "such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (citation omitted).

### c.     First Amendment Retaliation

In order to state a claim for retaliation under the First Amendment, a plaintiff must prove (1) his conduct was protected by the First Amendment, (2) the defendants' actions were motivated or substantially caused by the exercise of that right, and (3) defendants' actions effectively "chilled" the exercise of plaintiff's First Amendment right. *See Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir.2007), *Curley v. Village of Suffern*, 268 F.2d 65 (2d Cir.2001).

## F.     Legal Standards Governing Defendants' Defenses

### 1.     Defense of Failure to File a Notice of Claim

New York law requires the filing of a notice of claim as a condition precedent to the commencement of any tort action against a municipality or any of their officers, agents or employees. *See* N.Y. GEN. MUN. LAW §§ 50-e, 50-i (McKinney 2012). "This notice-of-claim requirement is 'construed strictly by New York state courts,' and '[f]ailure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action.'" *Berry v. Village of Millbrook*, 815 F. Supp. 2d 711, 724 (S.D.N.Y. 2011) (quoting *Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 793-94 (2d Cir.1999)).

Actions to recover for federal civil rights violations are not subject to the notice of claim requirements in General Municipal Law § 50–i. *See Liu v. New York City Police Dep't*, 627

N.Y.S.2d 683, 685, 216 A.D.2d 67, 68 (N.Y. App. Div. 1995) (citing *Felder v. Casey*, 487 U.S. 131, 138, 108 S. Ct. 2302, 2307 (1988)). However, plaintiffs asserting claims for New York State constitutional torts must comply with the notice of claim provision. *See Pratt v. Indian River Cent. Sch. Dist.*, 803 F. Supp. 2d 135, 146 (N.D.N.Y. 2011) (citing *423 S. Salina Street, Inc. v. City of Syracuse*, 503 N.E.2d 63, 68 N.Y.2d 474, 489, n.5, 510 N.Y.S.2d 507 (N.Y. 1986), cert. denied, 481 U.S. 1008, 107 S. Ct. 1880 (1987)).

Finally, a federal court does not have jurisdiction to grant a plaintiff permission to file a late notice of claim. *See Dingle v. City of New York*, 728 F. Supp .2d 332, 348-49 (S.D.N.Y. 2010).

### III. ANALYSIS

#### A. Whether Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted

##### 1. Whether Plaintiff's Complaint Should Be Dismissed for Failure to Cite the Relevant Statute Pursuant to Which Relief Is Sought

After carefully considering the matter, the Court answers this question in the negative, in part for the reasons stated by Plaintiff in his memorandum of law. (Dkt. No. 12, at 3-4.) The Court would only add the following point.

Defendants correctly note that Plaintiff fails to cite 42 U.S.C. § 1983 as the relevant statute upon which he relies in order to state certain of his claims. However, the Court may not dismiss a *pro se* complaint merely because of a failure to cite to the correct statute. *See Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004). Here, Plaintiff cites several amendments to the United States Constitution pursuant to which he argues that his rights have been violated. Accordingly, the Court will not dismiss Plaintiff's complaint for mere failure to cite § 1983 as the appropriate statutory vehicle to bring his claims.

## 2. Whether Count I of Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim for Violation of His Rights Under the Due Process Clause

After carefully considering the matter, the Court answers this question in the affirmative in part for the reasons stated by Defendants in their memorandum of law. (Dkt. No. 10-7, at 5-8.) The Court would only add the following point.

Defendants argue, among other things, that Count I of Plaintiff's Complaint fails to state a cause of action for violation of Plaintiff's due process rights because he fails to allege that he was denied the procedures available to grieve his tax assessment with the Town and he does not allege conduct that is egregious enough to be actionable under the doctrine of substantive due process.

First, the Court notes that Plaintiff has failed to respond to this argument for dismissal. As indicated above in Point II.D. of this Decision and Order, in this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden. At the very least, Defendants have met the lightened burden that was created by Plaintiff's failure to respond.

Second, in any event, the Court would reach the same conclusion even if it were to subject Defendants' argument to the more rigorous scrutiny appropriate for a contested argument. As indicated above in Part II.E.1.a. of this Decision and Order, where state law provides adequate pre-deprivation and post-deprivation remedies, a procedural due process claim may not stand. Nowhere in Plaintiff's Complaint does he allege that he was deprived of a hearing regarding his property tax assessment. Moreover, to the extent Plaintiff asserts a

substantive due process violation, he fails to allege facts plausibly suggesting such a claim.

Plaintiff's conclusory allegations of favoritism for certain Town residents over others, including

Plaintiff, fails to rise to the level of egregious or conscience-shocking behavior that is required

for pleading a substantive due process claim.

For these reasons, Plaintiff's due process claim in Count I of his Complaint is dismissed.

### 3. Whether Count I of Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim for Violation of His Rights Under the Equal Protection Clause

While Defendants seek dismissal of the Complaint in its entirety, they do not specifically

address Plaintiff's claim in Count I of his Complaint that his equal protection rights were

violated. To the extent Plaintiff alleges that Defendants violated his rights under the Equal

Protection Clause through selective enforcement of tax assessment laws, Plaintiff's Complaint

fails to allege facts plausibly suggesting that he was selectively treated based on an

impermissible consideration such as race, religion, or a malicious or bad faith intent to injure

him. However, Plaintiff does assert that the "Town Assessor, in conspiracy[6] with the Supervisor,

---

[6]     To the extent Plaintiff asserts a conspiracy claim under either 42 U.S.C. § 1983 or § 1985, such a claim fails under the intra-corporate conspiracy doctrine. According to the intra-corporate conspiracy doctrine, which applies to both § 1983 and § 1985 conspiracy claims, *see Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir.1978), "officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other." *Fitzgerald v. City of Troy, N.Y.*, No. 10-CV-451, 2012 WL 5986547, at *23 (N.D.N.Y. Nov. 28, 2012) (quoting *Jefferson v. Rose*, — F. Supp. 2d —, —, 2012 WL 1398743, *4 (E.D.N.Y. Apr. 23, 2012) (quotations and citations omitted). Where all alleged co-conspirators are employed by the same municipal entity, the intra-corporate conspiracy doctrine precludes a conspiracy claim. *See Fitzgerald*, 2012 WL 5986547, at *24 (citing *Baines v. Masiello*, 288 F. Supp. 2d 376, 394-95 (W.D.N.Y. 2003) (holding that a conspiracy claim brought against "the Common Council, the Mayor, and the City Clerk" was barred by the intra-corporate conspiracy doctrine); *Broich v. Inc. Vill. of Southampton*, 650 F. Supp. 2d 234, 247 (E.D.N.Y. 2009) (holding that conspiracy claims against the Village Board trustees, mayor, and former and current chief of police are barred by the intra-corporate conspiracy doctrine).

used the Town Assessor's authority to raise taxes to intimidate the Plaintiff and attempt to silence his constitutionally protected speech and criticism of the Supervisor, Town Assessor and Town and their activities as described [in the Complaint]." (Dkt. No. 1, at ¶ 39.) Thus, to the extent Plaintiff alleges he was selectively treated in retaliation for the exercise of his constitutional rights, he states a claim for violation of his rights under the Equal Protection Clause. Plaintiff clearly asserts the personal involvement of Bertram. Further, as Town Supervisor, Bertram's acts may subject the Town to liability under *Monell*. *See Castilla v. City of New York*, No. 09-CV-5446, 2012 WL 5510910, at *4 (S.D.N.Y. Nov. 4, 2012) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S. Ct. 1292 (1986); *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir.2008)) (a single unconstitutional act or decision, when taken by an authorized decision-maker, may be considered a policy and thus subject a municipality to liability).

For this reason, Defendants' motion to dismiss Count I of Plaintiff's Complaint is denied regarding Plaintiff's equal protection claim.

> **4.      Whether Count II of Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim**

After carefully considering the matter, the Court answers this question in the affirmative generally for the reasons stated by Defendants in their memorandum of law and in their reply memorandum of law. (Dkt. No. 10-7, at 8-9; Dkt. No. 15, at 6-8.) The Court would only add the following points.

Defendants argue that Plaintiff has failed to establish a violation of any recognizable constitutional right in Count II of his Complaint. Plaintiff counters that he asserts a claim for "corruption and denial of honest services." (Dkt. No. 12, at 6-8.) However, Plaintiff fails to cite

any relevant caselaw to support his argument. In fact, as Defendants correctly note, Plaintiff

cites caselaw applying criminal wire fraud and mail fraud statutes for support of his argument

that he has sufficiently stated a claim for "honest services." *See U.S. v. Viertel*, No. S2 01-CR-

571, 2002 WL 1560805, at *9 (S.D.N.Y. Jul. 15, 2002) (finding that18 U.S.C. § 1346, which

allows charges of mail or wire fraud involving schemes to deprive another of the intangible right

of honest services, is not unconstitutionally vague). In addition, Plaintiff cites caselaw wherein

the New York State Supreme Court decided a petition from a taxpayer to remove Town Board

members from office under Section 36 of the New York Public Officers Law, which provides

that a resident of a town may petition the Supreme Court for removal of any town officer "for

any misconduct, maladministration, malfeasance or malversation in office." N.Y. Pub. Off.

Law. § 36. *See also DeFalco v. Doetsch*, 617 N.Y.S.2d 415, 208 A.D.2d 1047 (N.Y. App. Div.

1994). Accordingly, Plaintiff does not state a cognizable claim that may be heard by this Court.

 For these reasons, Count II of Plaintiff's Complaint is dismissed.

### 5. Whether Count III of Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim

 After carefully considering the matter, the Court answers this question in the affirmative

generally for the reasons stated by Defendants in their memorandum of law and in their reply

memorandum of law. (Dkt. No. 10-7, at 9-10; Dkt. No. 15, at 6-8.) The Court would only add

the following points.

 Defendants argue that Plaintiff has failed to state a claim for violation of his due process

rights in Count III of the Complaint. Plaintiff counters that he asserts a claim for "corruption and

denial of honest services." (Dkt. No. 12, at 8.) For the same reasons discussed regarding

Plaintiff's purported claim under Count II of his Complaint, Count III must be dismissed as well.

Second, the Court notes that Plaintiff has failed to respond to Defendants' argument for dismissal of any procedural due process claim asserted in Count III. At the very least, Defendants have met the lightened burden that was created by Plaintiff's failure to respond.

Third, in any event, the Court would reach the same conclusion even if it were to subject Defendants' argument to the more rigorous scrutiny appropriate for a contested argument. As indicated above in Part II.E.1.a. of this Decision and Order, where adequate process is provided under state law, Plaintiff may not bring a procedural due process claim under § 1983. *See Reed v. Medford Fire Dep't, Inc*., 806 F. Supp .2d 594, 607-608 (E.D.N.Y. 2011) (in New York, the appropriate remedy for denial of a FOIL request is to seek review pursuant to Article 78, not by a § 1983 due process claim in federal court).

For these reasons, Count III of Plaintiff's Complaint is dismissed.

### 6. Whether Count IV of Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim

After carefully considering the matter, the Court answers this question in the negative, in part for the reasons stated by Plaintiff in his memorandum of law, regarding his First Amendment claim. (Dkt. No. 12, at 8-10.) The Court answers this question in the affirmative, in part for the reasons stated by Defendants in their memorandum of law, regarding Plaintiff's § 1983 claims for violation of his rights under the Due Process and Equal Protection Clauses, and regarding Plaintiff's purported § 1983 claim for violation of his rights under the Fourth Amendment. (Dkt. No. 10-7, at 11-13.) The Court would further add the following points.

In support of their motion to dismiss Count IV of Plaintiff's Complaint, Defendants argue that to the extent Plaintiff alleges a violation of his right to procedural due process regarding the revocation of his permit to operate his business in the Town, his claim must be dismissed

because adequate state court procedures are available for him to seek relief. First, the Court notes that Plaintiff has failed to respond to this argument for dismissal. As indicated above in Point II.D. of this Decision and Order, in this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden. At the very least, Defendants have met the lightened burden that was created by Plaintiff's failure to respond.

Second, in any event, the Court would reach the same conclusion even if it were to subject Defendants' argument to the more rigorous scrutiny appropriate for a contested argument. As indicated above in Part II.E.1.a. of this Decision and Order, where state law provides adequate pre-deprivation and post-deprivation remedies, a procedural due process claim may not stand. Nowhere in Plaintiff's Complaint does he allege that he was deprived of a hearing regarding the revocation of his business permit. In fact, Plaintiff alleges that he engaged in the zoning board hearing and appeal process. Moreover, to the extent Plaintiff asserts a substantive due process violation, he fails to allege facts plausibly suggesting such a claim. Plaintiff's conclusory allegation that the Town illegally revoked his permit fails to rise to the level of egregious or conscience-shocking behavior that is required for pleading a substantive due process claim.

For these reasons, Plaintiff's due process claim in Count IV of his Complaint is dismissed.

Regarding Plaintiff's equal protection claim, Defendants argue that Plaintiff fails to state a claim because he fails to allege facts plausibly suggesting selective treatment based on

intentional discrimination. Plaintiff counters that he has identified specific instances of tax assessment discrimination. However, even liberally construing Count IV of Plaintiff's Complaint, his argument is that Defendants have applied the Town's zoning law in an unconstitutional manner by enforcing it in an arbitrary and discriminatory way. However, Plaintiff fails to allege facts plausibly suggesting that Defendants' selective enforcement of the Town's zoning laws was based on any impermissible considerations. Plaintiff's conclusory statement that the zoning laws were applied arbitrarily on the basis of discrimination is not a factual allegation and may not be considered to sufficiently state an equal protection claim.

For this reason, Plaintiff's equal protection claim in Count IV of his Complaint is dismissed.

To the extent Plaintiff's bare and vague assertion that "[t]he 2010 Dog Law violated the [Fourth] [A]mendment" may be interpreted as a purported claim for violation of Plaintiff's rights under the Fourth Amendment, the Court dismisses this claim. Plaintiff alleges no facts plausibly suggesting that his Fourth Amendment rights were implicated or violated in any way.

For this reason, any Fourth Amendment claim asserted by Plaintiff in Count IV of his Complaint is dismissed.

Finally, regarding Plaintiff's First Amendment claim, Defendants argue that it must be dismissed because Plaintiff fails to allege that Defendants' action caused a chilling of his First Amendment rights. Although Plaintiff fails to oppose this argument, Defendants do not even meet their lightened burden of showing that their argument possesses facial merit. Where, as here, a plaintiff alleges harm in addition to the deprivation of his First Amendment rights, no actual chilling need be alleged in order to state a First Amendment retaliation claim. *See Vaher v. Town of Orangetown*, No. 10-CV-1606, 2013 WL 42415, at *17 (S.D.N.Y. Jan. 2, 2013)

(citing *Gill v. Pidlypchak*, 389 F.3d 379, 382, n.4 (2d Cir. 2004)). Here, Plaintiff alleges the loss of his business permit, and consequently, the loss of business income, as a result of Defendants' retaliatory actions.

To the extent Plaintiff alleges that Bertram, as Town Attorney, has retaliated against Plaintiff for his charges of ethical violations against her by collaborating with, supporting and encouraging Town employees to deny or threaten to deny fire protection to Plaintiff, Plaintiff has alleged facts plausibly suggesting Bertram's personal involvement in the retaliation as well as the Town's liability on Plaintiff's retaliation claim under *Monell*.

For these reasons, Defendants' motion to dismiss Plaintiff's First Amendment retaliation claim in Count IV of his Complaint is denied.

> ### 8.    Whether Plaintiff's Complaint Must Be Dismissed for Failure to File a Notice of Claim

After carefully considering the matter, the Court answers this question in the negative, in part, and in the affirmative, in part.

As indicated above in Part II.F.1. of this Decision and Order, the filing of a notice of claim is not a condition precedent to the commencement of an action against the Town or its employees for the filing of federal civil rights claims. Accordingly, Defendants' motion to dismiss the Complaint for failure to file a notice of claim is denied regarding Plaintiff's § 1983 claims for violations of his rights under the United States Constitution in Counts I and IV of his complaint. However, Plaintiff must file a notice of claim as a condition precedent to the filing of constitutional torts under the New York State Constitution. Accordingly, to the extent Plaintiff asserts claims in Count I of his Complaint for the denial of his rights to equal protection and due process under the New York State Constitution, those claims are dismissed for failure to state a

claim.

The Court acknowledges Plaintiff's assertion that he has sought permission in State Court to file a late notice of claim. However, because this Court does not have jurisdiction to grant such relief, and because Plaintiff has clearly not timely filed a notice of claim, his claims under the New York Constitution must be dismissed.

For this reason, Defendants' motion to dismiss Plaintiff's equal protection and due process claims under the New York Constitution in Count I of his Complaint is granted. Defendants' motion to dismiss Plaintiff's § 1983 claims for violation of his rights under the United States Constitution in Counts I and IV of his Complaint for failure to file a notice of claim is denied. Because Plaintiff has failed to plausibly allege a cognizable cause of action in support of his remaining claims in Counts II and III of his Complaint, Defendants' argument that they must be dismissed for failure to file a notice of claim is moot.

**B.      Whether Plaintiff's Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction**

Although Defendants state that they seek dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, they cite no factual or legal basis for dismissal on that ground. Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

**C.      Whether Plaintiff's Complaint Should Be Dismissed for Lack of Personal Jurisdiction**

Although Defendants state that they seek dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, they cite no factual or legal basis for dismissal on that ground. To be sure, the Court notes that Plaintiff has failed to file proof of service of his summons and complaint. Defendants have asserted the lack of personal

jurisdiction as an affirmative defense in their timely filed answer to the Complaint. (See Dkt. No. 5, ¶ 130.) Approximately five months later, Defendants filed the current motion to dismiss based on, *inter alia*, lack of personal jurisdiction. Undue delay in challenging personal jurisdiction by motion may constitute a waiver of personal jurisdiction under certain circumstances. For example, in *Datskow v. Teledyne, Inc., Continental Prodss Div.*, 899 F.2d 1298 (2d Cir. 1990), the Court of Appeals for the Second Circuit concluded that the defendant waived its assertion of lack of personal jurisdiction, even though it timely raised the affirmative defense in its answer, where it did not seek dismissal on that ground for four months after filing its answer, during which time it engaged in scheduling discovery and motion practice without objecting to lack of service. *See Datskow*, 899 F.3d at 1302-1303.

Here, the Court notes that issues of personal jurisdiction were apparently raised by Defendants during the Rule 16 conference with the Magistrate Judge assigned to this case. The parties were given until September 9, 2011 to file motions to dismiss or amend, by which time Defendants filed the current motion. Accordingly, the Court declines to conclude that Defendants have waived their affirmative defense of lack of personal jurisdiction. However, Defendants cite no factual or legal basis in support of their current motion to dismiss for lack of personal jurisdiction. Given that "[f]ailure to prove service does not affect the validity of service," Fed. R. Civ. P. 4(l), the Court declines to dismiss this action for lack of personal jurisdiction without first giving Plaintiff, who commenced this action *pro se*, an opportunity to file proof of service in accordance with Rule 4.

Accordingly, Defendants' motion to dismiss for lack of personal jurisdiction is denied without prejudice to renew if, after thirty days from the filing of this Decision and Order, Plaintiff fails to file proof of service of his summons and complaint. Should Plaintiff fail to file

27

proof of service within thirty days of the filing of this Decision and Order, Defendants shall have until sixty days from the filing of this Decision and Order to renew their motion to dismiss for lack of personal jurisdiction, to be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, including the filing of a memorandum of law with supporting factual and legal arguments.

### D. Whether the Court Should Give Plaintiff an Opportunity to File an Amended Complaint Before Dismissing Any of His Claims

Generally, when a district court dismisses a *pro se* action, the plaintiff will be allowed to amend his complaint. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health–Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here ... there is no

28

merit in the proposed amendments, leave to amend should be denied").

This rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355, at *1. As explained above in Part II.A. of this Decision and Order, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8; rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8 are procedural rules that even *pro se* civil rights plaintiffs must follow.

Moreover, the Court notes that Plaintiff is now represented by counsel, and that counsel drafted Plaintiff's papers opposing the current motion to dismiss. Plaintiff has requested, in one sentence of his opposition papers, permission to amend his complaint to allege claims pursuant to § 1983 "as well as to make other amendments." Plaintiff fails to explain what those other amendments would be. However, in an exercise of extreme caution, the Court will allow Plaintiff to file a formal motion to amend his Complaint to cure any defects in the federal Constitutional claims asserted in Counts I and IV of his Complaint. However, Plaintiff's purported claims for "corruption and denial of honest services" are not cognizable claims and are dismissed with prejudice.

For these reasons, Plaintiff will be given leave file a formal motion to amend his Complaint before the Magistrate Judge assigned to this matter in accordance with Rule 15 of the Federal Rules of Civil Procedure within thirty days from the filing of this Decision and Order.

**ACCORDINGLY,** it is

**ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint (Dkt. No.10) is

**GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Counts II and III of Plaintiff's Complaint are **DISMISSED with prejudice**; and it is further

**ORDERED** that Defendants' motion to dismiss Plaintiff's § 1983 equal protection claim in Count I of the Complaint and Plaintiff's § 1983 First Amendment retaliation claim in Count IV of the Complaint is **DENIED**; and it is further

**ORDERED** that Defendants' motion to dismiss Plaintiff's equal protection and due process claims under the New York Constitution is **GRANTED**, and those claims are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff is given permission to file a formal motion to amend his Complaint no later than thirty days from the filing of this Decision and Order; and it is further

**ORDERED** that Plaintiff has until thirty days from the filing of this Decision and Order to file proof of service of his summons and complaint; and it is further

**ORDERED** that, should Plaintiff fail to file proof of service of his summons and complaint within thirty days of the filing of this Decision and Order, Defendants may re-file their motion to dismiss for lack of personal jurisdiction in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules; and it is further

**ORDERED** that this case is referred back to Magistrate Judge Treece for a Rule 16 conference and the scheduling of pretrial deadlines.

Dated:  March 28, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge