WILLIAM PFLAUM, *Individually and as a Citizen, Resident and Taxpayer of Town of Stuyvesant*,

                      Plaintiff,

v.                                                 1:11-CV-0335
                                                (GTS/RFT)

TOWN OF STUYVESANT, *Columbia Cnty., N.Y.*; and VALERIE BERTRAM, *Individually and as Supervisor of Town of Stuyvesant*,

                      Defendants.
_____

APPEARANCES:                                   OF COUNSEL:

OFFICE OF CARL E. PERSON               CARL E. PERSON, ESQ.
 Attorney for Plaintiff
225 E. 36th Street – 3A
New York, NY 10016

BURKE, SCOLAMIERO, MORTATI &       SHARON SIEGEL, ESQ.
 HURD, LLP                                     THOMAS J. MORTATI, ESQ.
 Attorneys for Defendants
9 Washington Square, Suite 201
P.O. Box 15085
Albany, NY 12212-5085

GLENN T. SUDDABY, United States District Judge

# DECISION and ORDER

Currently before the Court, in this civil rights action filed by William Pflaum ("Plaintiff") against the Town of Stuyvesant ("Town") and Valerie Bertram, Town Supervisor ("Bertram") (collectively, "Defendants"), is Plaintiff's motion to amend and supplement his complaint pursuant to Fed. R. Civ. P. 15(a)(2), 15(d) and 10(a). (*See* Dkt. No. 20.) Defendants oppose Plaintiff's motion to amend and seek dismissal of Plaintiff's remaining claims pursuant to Fed.

R. Civ. P. 12(b)(6). (*See* Dkt. No. 21.) For the reasons set forth below, Plaintiff's motion is granted in part and denied in part and Defendants' motion is granted in part and denied in part.

## I. RELEVANT BACKGROUND

Plaintiff's original complaint asserted the following six claims against Defendants:

> (1) violations of Plaintiff's rights to equal protection and due process under both the United States Constitution and the New York State Constitution related to Defendants' tax assessments and below-market pricing for Town property use; (2) "corruption and denial of honest services" related to Defendants' payments to Town employees and contractors; (3) "corruption and denial of honest services" related to Defendants' denial of Plaintiff's requests under the Freedom of Information Law ("FOIL"); (4) retaliation for Plaintiff's charges of ethical violations against Bertram in violation of Plaintiff's rights under the First Amendment; (5) the Town's zoning law, as applied, violates Plaintiff's Fourteenth Amendment rights to equal protection and due process; and (6) "[t]he 2010 Dog Law, section 10, violates the [Fourth] [A]mendment to the U[nited] S[tates] Constitution."

*Pflaum v. Town of Stuyvesant*, 937 F. Supp. 2d 289, 295 (N.D.N.Y. 2013) (citing Dkt. No. 1 [Pl.'s Compl.]; Dkt. No. 12 [Pl.'s Mem. of Law].)[1] After carefully considering the arguments of the parties, the Court held that Plaintiff successfully pled only two of his claims under 42 U.S.C. § 1983 and denied Defendants' motion to dismiss in that regard. The surviving claims are: (1) a claim for the violation of Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment based on the Defendants' selective treatment of Plaintiff in the form of an increase in his tax assessment in retaliation for his constitutionally protected speech, *see id.*, at 305; and (2) a claim for the violation of Plaintiff's rights under the First Amendment based on Defendant Bertram's alleged support and encouragement of Town employees to deny or threaten to deny

---

[1] Familiarity with this Court's recent Decision and Order, granting in part and denying in part Defendants' motion to dismiss the Complaint, is presumed and will only be discussed here to the extent it is relevant to resolution of the pending motions.

Plaintiff fire protection in retaliation for his charges of ethical violations against Bertram, *see id.*, at 307-08.

The Court dismissed the remainder of Plaintiff's claims under Section 1983, but stated that, "in an exercise of extreme caution, . . . Plaintiff [may] file a formal motion to amend his Complaint to cure any defects" in those claims. Accordingly, the following of Plaintiff's Section 1983 claims were dismissed without prejudice: (1) claims for violations of Plaintiff's right to due process under the United States Constitution as it relates to Defendants' tax assessments and below-market pricing for Town property use and as it relates to Defendants' application of the Town's zoning law, *see id.*, at 304, 306-307; (2) a claim for violations of Plaintiff's right to equal protection under the United States Constitution as it relates to Defendants' application of the Town zoning law, *see id.*, at 307; and (3) a claim for violations of Plaintiff's rights under the Fourth Amendment to the United States Constitution as it relates to the 2010 Dog Law, *see id.*.

The remainder of Plaintiff's claims were dismissed with prejudice for the reasons stated in the Decision and Order.

Plaintiff now seeks this Court's leave to file an amended and supplemented complaint which purports to assert a "42 U.S.C. § 1983 retaliation claim." (Dkt. No. 20-1, at ¶ 3 [Aff. of Carl E. Person, Apr. 27, 2013].) In support of his motion, Plaintiff and his attorney state that he his not asserting an equal protection claim. (*See id.*, at ¶ 4; Dkt. No. 20-3, at ¶ 4 [Aff. of William Pflaum, Apr. 27, 2013].) Plaintiff also asks the Court to amend the caption of this action pursuant to Rule 10(a) of the Federal Rules of Civil Procedure to replace "William Pflaum, Individually and as a Citizen, Resident and Taxpayer of Town of Stuyvesant" with "William Pflaum." (*See* Dkt. No. 20-4, at 1 [Pl.'s Mem. of Law].)

3

A.  **Plaintiff's Proposed Amended and Supplemented Complaint**

Generally, in his Proposed Amended and Supplemented Complaint, Plaintiff essentially attempts to re-plead and supplement his First Amendment retaliation claim that survived Defendants' previous motion to dismiss, while eliminating the surviving equal protection claim. Plaintiff alleges that, beginning in December 2009, Defendants encouraged Town employees to serve notices of violation upon Plaintiff regarding excessive noise associated with his dog kennel business, without factual or legal basis, eventually resulting in the revocation of his business permit. Plaintiff notes that he was an active supporter of Bertram's unsuccessful opponent in the election for Town supervisor one month prior. Plaintiff appealed the Town's revocation of his permit, and eventually, by a March 2012 order of the New York State Supreme Court, his permit was restored. (*See* Dkt. No. 20-2, at ¶¶ 11-36 [Pl.'s Proposed Am. Compl.].)

Plaintiff further alleges that, as a result of Defendants' actions leading up to the revocation of his business permit, he started a blog about official corruption in the Town wherein he disclosed information he received after making multiple requests for financial information regarding the Town's activities pursuant to Freedom of Information Laws ("FOIL"). (*See id.* at ¶ 37.) As a result of his blogging activities and FOIL requests, Plaintiff alleges, Defendants encouraged Town residents to commit acts of vandalism and hostility against Plaintiff. In addition, the Town fire chief announced publicly in a list serv group message to 120 people that Plaintiff should move out of town, which Plaintiff, and the 120 list serv group members took to mean that Plaintiff could not count on the Town's fire department for any fire protection. Plaintiff informed Defendants of the acts of vandalism and hostility as well as the fire chief's threat but Defendants failed to assure Plaintiff that he did in fact have fire protection and failed to publicly condemn the acts of vigilantism against Plaintiff. (*See id.*, at ¶¶ 38-47.)

Plaintiff also alleges that false criminal charges were filed against him based on false testimony which was elicited through coaching by one or more unknown persons, but fails to identify who filed the criminal charges or made the false testimony. (*See id.*, at ¶ 42.)

As a result, Plaintiff alleges, he has suffered monetary damages in the form of legal expenses, lost earnings, and uninsured losses.

Plaintiff asserts one claim for First Amendment retaliation. In support of his claim, Plaintiff asserts that "[t]he alleged actions taking (sic) place after the Plaintiff commenced his [b]logging [a]ctivities were performed by Defendants in retaliation for his [b]logging [a]ctivities as well as his numerous FOIL requests." (*Id*., at ¶ 50.)

### B. Plaintiff's Motion

Generally, in support of his motion to amend and supplement his Complaint, Plaintiff asserts the following three arguments: (1) the Court gave Plaintiff permission to file the motion to amend with respect to his surviving equal protection and First Amendment retaliation claims; (2) the Court should remove the aforementioned language from the caption of this action because it is unnecessary; and (3) Plaintiff is not submitting a red-lined copy of his proposed amended and supplemented pleading because to do so would be futile, and further, because Plaintiff is proposing a wholly different pleading, he is providing the Court with "other equivalent means" to identify the amendments in accordance with the Local Rules. (*See generally* Dkt. No. 20-4 [Pl.'s Mem. of Law.])

### C. Defendants' Opposition to Plaintiff's Motion and Cross-Motion to Dismiss

Generally, in response to Plaintiff's motion and in support of their motion to dismiss, Defendants assert the following arguments: (1) Plaintiff has abandoned his Section 1983 equal protection claim, and therefore, that claim must be stricken; (2) Plaintiff's proposed pleading

5

violates Rule 15(d) and this Court's Local Rules; (3) Plaintiff's First Amendment retaliation claim must be dismissed because his proposed amended complaint is filled with conclusory allegations and fails to allege facts plausibly suggesting such a cause of action; and (4) Plaintiff's proposed amended complaint must be denied for the following reasons: (a) Plaintiff's First Amendment retaliation claim is futile because (i) Plaintiff has proffered no evidence of Defendants' motive, which is required in order for Plaintiff to survive summary judgment on his claim and (ii) Plaintiff fails to allege that his rights were "actually chilled" by Defendants' alleged actions, since he continues to maintain his blog; (b) Plaintiff's claim against Bertram is futile because (i) Plaintiff alleges that at all relevant times, Bertram acted on behalf of the Town and all of her alleged activities have been under the color of state law, (ii) Plaintiff fails to allege any facts plausibly suggesting that Bertram was personally involved in the alleged constitutional deprivation, and (iii) Bertram is entitled to absolute and qualified immunity; and (c) Plaintiff's claim against the Town is futile because he fails to allege facts plausibly suggesting that the Town is liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55, 98 S. Ct. 2018 (1978).

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions to Amend a Complaint

Rule 15 of the Federal Rules of Civil Procedure, which governs motions for leave to amend a complaint, states that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993). Nevertheless, leave to amend a complaint is not automatic; and a court may deny a motion for leave to amend where there is an apparent or declared reason not to grant leave to amend, "such as undue delay, bad faith or dilatory motive

6

on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182, 83 S. Ct. 227. *See also S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous.*, 608 F.2d 28, 42 (2d Cir. 1979).

With regard to the "undue prejudice" factor, while as a general rule permission to amend a complaint should be freely given, "'the trial court [is] required to take into account any prejudice' that might result to the party opposing the amendment." *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (leave to amend denied where new claim concerned different period of time and different theory of recovery from original claim) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31, 91 S. Ct. 795 (1971) ). For example, in *Ansam Associates*, the Second Circuit held that permitting Plaintiff to allege a "new set of operative facts" would have been "especially prejudicial [to the defendant] given the fact that discovery had already been completed and [defendant] had already filed a motion for summary judgment." *Ansam Associates*, 760 F.2d at 446.

With regard to the "futility" factor, a court measures futility under the same well-known standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Nettis v. Levitt*, 241 F.3d 186, 194, n.4 (2d Cir. 2001), *overruled on other grounds by Slayton v. Am. Express Co.*, 460 F.3d 215 (2d Cir.2006); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991).

Finally, in this District, a party seeking leave to amend a pleading must (1) attach an unsigned copy of the proposed amended pleading, and (2) set forth specifically the proposed amendments, and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means. *See* N.D.N.Y. R. 7.1(a)(4).

## B. Legal Standard Governing Motions to Supplement a Complaint

Under Rule 15(d) of the Federal Rules of Civil Procedure, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) motions are evaluated by the court under the same standards used to evaluate motions to amend pleadings under Rule 15(a), with leave 'freely given when justice so requires.'" *Id.* at \*26 (quoting *N.Y. State Nat'l Org. for Women v. Cuomo*, 182 F.R.D. 30, 36 (S.D.N.Y.1998)).

"[A] Rule 15(d) motion may be appropriate when the movant seeks to add new parties or claims arising from the new events." *Bracci v. Becker*, No. 11-CV-1473, 2013 WL 123810, at \*25 (N.D.N.Y. Jan. 9, 2013) (citing *Griffin v. City Sch. Bd.*, 377 U.S. 218, 226, 84 S. Ct. 1226 (1964) ("[I]t follows, of course, that persons participating in these new events may be added if necessary. Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice.") (alteration in original).

Finally, in this District, a party seeking leave to supplement its pleading "must limit the proposed supplemental pleading to transactions or occurrences or events which have occurred since the date of the pleading that the party seeks to supplement" and "must number the paragraphs in the proposed pleading consecutively to the paragraphs contained in the pleading that it seeks to supplement." L.R. 7.1(a)(4). In addition, "the party requesting leave to supplement must set forth specifically the proposed supplements and identify the supplements in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means." *Id.*

## C. Legal Standards Governing Plaintiff's Claims

### 1. 42 U.S.C. § 1983

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege "(1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state ... law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920 (1980) (internal quotations omitted)). "Section 1983 is not itself a source of substantive rights[,] but merely provides a method for vindicating federal rights elsewhere conferred[.]" *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689 (1979)).

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Kregler v. City of New York*, 821 F. Supp. 2d 651, 655-656 (S.D.N.Y. 2011) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994) (internal quotation marks omitted)). A plaintiff may allege the personal involvement of a defendant who occupies a supervisory position by alleging that the defendant: "(1) directly participated in the infraction; (2) failed to remedy the wrong after learning of the violation; (3) created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue; (4) was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) exhibited 'gross negligence' or 'deliberate indifference' to the constitutional rights of [the plaintiff] by having actual or constructive notice of the unconstitutional practices and failing to act." *Kregler*, 821 F. Supp. 2d at 655-56 (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995); *Wright*, 21 F.3d at 501).

A municipality may only be liable on a § 1983 claim "if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018 (1978)). In the absence of such a custom or policy, a municipality may not be held liable on a § 1983 claim for the actions of its employees under a theory of vicarious liability. *See Jones*, 691 F.3d at 80 (citing *Monell*, 436 U.S. at 691, 98 S. Ct. 2018). Thus, isolated acts of municipal employees are typically not sufficient to establish municipal liability. However, acts done "pursuant to municipal policy, or [that] were sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisory authorities must have been aware" would justify liability of the municipality. *Jones*, 691 F.3d at 81. Further, "a municipal custom, policy, or usage would be inferred from evidence of deliberate indifference of supervisory officials to such abuses." *Id.*

### a. First Amendment Retaliation

In order to state a claim for retaliation under the First Amendment, a plaintiff must allege (1) his conduct was protected by the First Amendment, (2) the defendants' actions were motivated or substantially caused by the exercise of that right, and (3) defendants' actions effectively "chilled" the exercise of plaintiff's First Amendment right. *See Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir.2007); *Curley v. Village of Suffern*, 268 F.2d 65 (2d Cir.2001).

## III. ANALYSIS

### A. Whether Plaintiff's Motion to Amend and Supplement His Complaint Should be Granted

After carefully considering the matter, the Court answers this question in the negative, in part for the reasons stated by Defendants in their memorandum of law. (Dkt. No. 21-1, at 2-5.) The Court would add the following points.

As an initial matter, to the extent Plaintiff interpreted this Court's previous Decision and Order as permitting him to amend his Complaint with respect to his surviving claims, he is mistaken. The Decision and Order expressly states that "in an exercise of extreme caution, the Court will allow Plaintiff to file a formal motion to amend his Complaint *to cure any defects* in the federal constitutional claims asserted in Counts I and IV of his Complaint." *Pflaum*, 937 F. Supp. 2d at 310. Given that Plaintiff's equal protection and First Amendment claims survived the motion to dismiss, they would not have been deemed defective in the first instance. Nonetheless, the Court will decide Plaintiff's motion in the interest of justice and judicial economy.

Next, the Court pauses to comment on Defendants' arguments regarding the futility of Plaintiff's claim as it relates to the second and third elements of that claim. First, Defendants argue that Plaintiff fails to proffer specific evidence of Defendants' improper motive, which "is required in order for plaintiff to survive summary judgment on a First Amendment retaliation claim." (Dkt. No. 21-1, at 8 [Defs.' Mem. of Law].) Of course, in order to survive the futility analysis on a motion to amend, Plaintiff need only plead facts which plausibly state a claim. Because the Court is not deciding a motion for summary judgment, it will disregard this argument regarding the second element of Plaintiff's First Amendment retaliation claim.

Second, Defendants argue that Plaintiff fails to allege "actual chilling" of his First Amendment rights because he continues to maintain his blog. The Court notes that Defendants previously advanced the same argument in support of their motion to dismiss Plaintiff's First Amendment retaliation claim. The Court rejected that argument, finding that "[w]here, as here, a plaintiff alleges harm in addition to the deprivation of his First Amendment rights, no actual chilling need be alleged in order to state a First Amendment retaliation claim." *Pflaum*, 937 F. Supp. 2d at 308 (citing *Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 431-32, 2013 WL 42415, at *17 (S.D.N.Y.2013) (citing *Gill v. Pidlypchak*, 389 F.3d 379, 382, n. 4 (2d Cir.2004)). In his proposed amended and supplemented complaint, Plaintiff continues to allege, as he does in his Complaint, "the loss of his business permit, and consequently, the loss of business income, as a result of Defendants' retaliatory actions." *Id.* Accordingly, Defendants' argument in this regard is rejected.

However, Defendants correctly argue that Plaintiff's proposed amended and supplemented complaint fails to pass muster under the futility analysis because it fails to assert facts plausibly suggesting a First Amendment retaliation claim. To be sure, it is clear from the proposed pleading that the factual basis for Plaintiff's claim is that Defendants retaliated against Plaintiff for his blogging activities and FOIL requests by (1) encouraging Town residents to (a) vandalize signs erected by Plaintiff's supporters and (b) observe and electronically record Plaintiff and his family at their home; (2) failing to assure Plaintiff that he had fire protection after the Town's fire chief announced on a list serv viewed by 120 people that Plaintiff "should move out of town;" and (3) failing to condemn the aforementioned alleged acts of vandalism and

surveillance.² These allegations are conclusory in nature and fail to plausibly suggest that Bertram or any Town official directly violated Plaintiff's rights or that Bertram failed to remedy a constitutional deprivation committed by a Town employee.

Moreover, unlike the allegations in the operative Complaint that Bertram "collaborated with and supported" the Town's fire chief to deny and/or threaten to deny fire protection to Plaintiff, on which basis the Court held that Plaintiff successfully stated a First Amendment retaliation claim, *Pflaum*, 937 F. Supp. 2d at 296 (quoting Dkt. No. 1, at ¶¶ 20-21), Plaintiff's allegations in his proposed amended pleading are that the Town fire chief "announced publicly in a Yahoo listserv [g]roup that the Plaintiff 'should move out of town[,' which] Plaintiff [and] all other 120 members of the Yahoo [g]roup took [] to mean that the Plaintiff could not count on the Stuyvesant Fire Department for any fire protection[,]" (Dkt. No. 20-2, at ¶ 40). Plaintiff's proposed pleading fails to allege that Bertram was involved in any way with the fire chief's statement, or that there was an actual threat to withdraw fire protection.³

Finally, the allegation in the proposed amended pleading that an unnamed person or entity filed criminal charges against the Plaintiff on false testimony, which was elicited by one or

---

²  While Plaintiff alleges in the factual background of his proposed amended complaint that "[t]he harassing actions against the Plaintiff began weeks after the Town Board election[, and that] Plaintiff was an active supporter of the losing candidate for Supervisor[,]" (Dkt. No. 20-2, at ¶ 11) Plaintiff specifically asserts that the basis for his First Amendment retaliation claim is that after he began his blogging activities and made FOIL requests, Defendants started encouraging Town residents to commit acts of vandalism and hostility against Plaintiff (*id*., at ¶¶38-47).

³  The Court is constrained to point out that, if Plaintiff's sole basis for his assertion in the operative Complaint that the Town's fire chief denied and/or threatened to deny fire protection to Plaintiff is his assertion in the proposed amended complaint regarding the fire chief's statement on the list serv, Plaintiff's First Amendment claim will likely not survive a motion for summary judgement.

13

more unknown persons is extremely vague and consequently, fails to plausibly allege retaliatory action.

For these reasons, Plaintiff's proposed amended complaint is futile and must be denied.

### B. Whether Plaintiff's Request to Amend the Caption of His Complaint Should Be Granted

After carefully considering the matter, the Court answers this question in the affirmative, generally for the reasons stated by Plaintiff in his memorandum of law. (Dkt. No. 20-4, at 3.)

The Federal Rules of Civil Procedure require that "[e]very pleading must have a caption with ... a title .... The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). *See also Hernandez-Avila v. Averill*, 725 F.2d 25, 27 (2d Cir. 1984). Plaintiff seeks to amend the caption of this action to replace the current plaintiff, listed as "William Pflaum, Individually and as a Citizen, Resident and Taxpayer of Town of Stuyvesant" with, simply, "William Pflaum." Defendants have not opposed this request. Moreover, the proposed amended caption complies with Rule 10. Accordingly, Plaintiff's request to amend the caption of this action is granted.

### C. Whether Defendants' Motion to Dismiss Plaintiff's Equal Protection Claim Should Be Granted

After carefully considering the matter, the Court answers this question in the affirmative, in part for the reasons stated by Defendants in their memorandum of law. (Dkt. No. 21-1, at 2.) The Court would only add the following point.

Both Plaintiff and his attorney have stated by affidavit that Plaintiff does not have an equal protection claim. These statements constitute an express and binding abandonment of Plaintiff's surviving equal protection claim. *See Martilet Mgmt. Serv., Inc. v. Bailey*, No. 12-CV-6691, 2013 WL 5420966, at * 5 (S.D.N.Y. Sept. 27, 2013) (citing *Arbercheski v. Oracle*

*Corp.*, No. 05-CV-591, 2005 WL 2290206, at *3 (S.D.N.Y. Sept. 19, 2005) ("[W]here a plaintiff expressly states in motion papers that her complaint does not allege a particular claim, such a statement 'constitutes an express and binding abandonment' of the claim.") (quoting *Conboy v. AT & T Corp.*, 241 F.3d 242, 250 (2d Cir. 2001))). Accordingly, Defendants' motion to dismiss Plaintiff's equal protection claim is granted.

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion to amend and supplement his Complaint (Dkt. No. 20) is **GRANTED in part** and **DENIED in part**. Plaintiff's motion to amend and supplement the complaint is **DENIED**, except that his motion to amend the caption of the Complaint to reflect the plaintiff is "William Pflaum" is **GRANTED**; and it is further

**ORDERED** that Defendants' cross-motion to dismiss (Dkt. No. 21) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff's surviving equal protection claim is **DISMISSED with prejudice**; and it is further

**ORDERED** that the sole claim remaining for resolution in this action is Plaintiff's First Amendment claim, in accordance with this Court's previous Decision and Order (*see Pflaum v. Town of Stuyvesant*, 937 F. Supp. 2d 289, 307-308 (N.D.N.Y. 2013). This case is referred back to Magistrate Judge Randolph F. Treece for a Rule 16 conference and the issuance of a pretrial scheduling order; and it is further

**ORDERED** that the Clerk of the Court shall amend the caption of the Complaint in accordance with this Decision and Order to reflect that the plaintiff is "William Pflaum."

Dated: January 27, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge