UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK

---

---

# 1:11-CV-0335 (GTS/RFT) Exhibit 038

---

Correspondence between attorneys as to engineering fees

Invoices by town engineer

WHITEMAN
OSTERMAN
& HANNA LLP

Attorneys at Law
www.woh.com

David R. Everett
Partner
518.487.7743 phone
deverett@woh.com

One Commerce Plaza
Albany, New York 12260
518.487.7600 phone
518.487.7777 fax

May 20, 2011

**Via Email (plynch@lynchesq.com)**

Peter A. Lynch, Esq.
Lynch & Hetman, PLLC
111 State Street, 1st Fl.
Albany, NY 12207

Re:   Stuyvesant: Glencadia Matter

Dear Peter:

I am writing to discuss the following three issues related to this matter prior to the next Planning Board meeting currently scheduled for Monday, May 23, 2011:

1.   <u>Status of Amended Site Plan Application</u>: As you know, under the Town's laws, the Planning Board has legal jurisdiction to consider applications for site plans and subdivisions. We have been treating your client's matter as an application for an amended site plan approval which seeks to add two new conditions (relating to the number of dogs and hours of outside operations) to the previous approval. However, on your client's blog he stated recently: "The arbitrary agreement made in December 2010 to limit the hours and dogs, is therefore off the table."

Before Monday night's meeting, would you mind clarifying whether your client is withdrawing his request to impose these new conditions on his previous site plan approval? If so, I question what legal jurisdiction the Planning Board has to consider this noise matter any further. Any thoughts you have on this issue would be most appreciated.

2.   <u>Escrow Payments</u>: On Mr. Pflaum's blog he also stated recently: "The report of this [noise] test is enclosed here. The plain meaning of the enclosed report is obvious and no retainer for engineering review is necessary. In any event, I would only pay for review by a qualified acoustics engineer with no standing connection to any Columbia County town government."

As you know, the Town's zoning code provides that: "Reasonable costs incurred by the Planning Board for private consultation fees of a planner, engineer, attorney or other

extraordinary expense in connection with the review of a proposed site plan shall be charged to the applicant .... In this regard, the board may require such costs to be paid in advance, not to exceed 5% of the total project cost, and may deny application upon the failure of the applicant to make payment within 60 days of the date of the original application submission."

As you know, the Planning Board has asked Mr. Jurkowski to review and comment on your client's noise study and provide technical advice on this matter. Mr. Jurkowski is a professional engineer licensed in New York and he is the designated Town Engineer. He also has experience with environmental noise impact issues. As required by the zoning code, the Board has requested that Mr. Pflaum post an escrow to cover Mr. Jurkowski fees in assisting the board with this matter. Mr. Jurkowski is preparing an estimate of the initial escrow amount.

Based on your client's written blog statements, is it his position that he will not post any escrow to pay for Mr. Jurkowski's services? Would you mind clarifying your client's position on this issue prior to Monday night's meeting.

3. <u>Boarding Data:</u> At the public hearing, the Planning Board had asked Mr. Pflaum to provide information about the number of dogs he has boarded at his facility. He agreed to provide that data. To that end, it would be helpful if Mr. Pflaum could provide the following information as part of his application: (a) the number of dogs boarded at his kennel each weekend in 2009, 2010 and 2011; and (b) the maximum number of dogs boarded at his kennel on any given day during each month in 2009, 2010 and 2011.

Thank you kindly for your attention to this matter. Please feel free to call or email me with any questions.

Very truly yours,

David R. Everett

c: Planning Board members
Ray Jurkowski, P.E.

w:\17700\17703\cor\lynch ltr 5.20.11.docx

TOSZBA 00751

# WHITEMAN OSTERMAN & HANNA LLP

Attorneys at Law
www.woh.com

David R. Everett
Partner
518.487.7743 phone
deverett@woh.com

One Commerce Plaza
Albany, New York 12260
518.487.7600 phone
518.487.7777 fax

June 3, 2011

**Via Email (plynch@lynchesq.com)**
Peter A. Lynch, Esq.
Lynch & Hetman, PLLC
111 State Street, 1st Fl.
Albany, NY 12207

Re: Stuyvesant: Pflaum Application – Engineering Fees

Dear Peter:

I am writing to respond to your letter to Shirley Narzynski dated May 23, 2011.

As you know, Section 9 of the Town's Zoning Code requires your client to pay the reasonable costs incurred by the Planning Board for private consultation fees in connection with the Board's review of his application. Every applicant before the Board is required to pay these expenses when private consultants are needed to assist the Board. As you know, the Board asked the Town Engineer, Ray Jurkowski from Morris Associates, to assist the Board with the technical noise issues related to your client's site plan application.

On a number of occasions, your client was advised (in both letters and meetings) that he would be required to pay for these engineering fees. In fact, your client was fully aware that Mr. Jurkowski was actively working on the matter and that Mr. Jurkowski was reviewing your client's noise study. No objections were noted.

As a result, under the Town's law, Mr. Pflaum will be responsible for paying the Board's engineering fees on this application up to May 23rd, the date when he withdrew his application. Mr. Jurkowski is preparing a final invoice for services rendered to the Board. Upon receipt of that invoice, I will forward it to you for payment by your client. It is my understanding from Mr. Jurkowski that his fees will be approximately $1,000 for this matter.

In the meantime, if you have any questions, please feel free to call or email me. Thank you kindly for your attention to this matter.

Very truly yours,

David R. Everett

c: Gale Bury, Planning Board Chairman
Valerie Bertram, Supervisor

w:\17700\17703\cor\lynch ltr 6.3.11.docx

TOSZBA 00755

# LYNCH & HETMAN, PLLC
Attorneys and Counselors at Law

111 State Street, First Floor
Albany, New York 12207

Telephone (518) 463-1252
Fax (518) 463-1255*

*SERVICE BY FAX NOT ACCEPTED

PETER A. LYNCH, ESQ.*
STEHLE HETMAN, ESQ.

*ADMITTED TO PRACTICE LAW
IN FLORIDA AND NEW YORK

DONALD L. LYNCH, ESQ.
OF COUNSEL TO THE FIRM
(1988 – 1994)

August 16, 2011

Whiteman Osterman & Hanna, LLP
Attn: David R. Everett, Esq.
One Commerce Plaza
Albany, New York 12260           Via E-Mail Only

Re: Appeal to Zoning Board of Appeals
    Will Pflaum - Glencadia Dog Camp

Dear David:

In response to your letter dated August 10, 2011, in which you seek payment of Ray Jurkowski's fees in the sum of $932.20, please be advised as follows. Under Article 9, Reimbursable costs are recoverable but such fees are "not to exceed 5% of the total project costs". Here, there is no "project" per se, but rather the appeal from an enforcement order. There are no project costs. I am aware that Will Pflaum, voluntarily submitted a proposal (not a project application) to the Planning Board to add two conditions [i.e. cap # of dogs at any given time to 50 and keep dogs in the barn at night] to the prior Site plan approval; in context, there still are no project costs. Moreover, once the Planning Board advised that they would seek costs, Will withdrew that proposal. There was no intent, nor notice to impose any such costs on this voluntary proposal. Accordingly, it does not appear that such fees are authorized under the Ordinance.

Will has asked me to bring to your attention the potential conflict of interest. It is my understanding that you are the Chairperson of the Town of Chatham ZBA. The application of Far Fetched Acres, owned by one Colleen Safford, to expand their dog boarding operation, is pending before the Town of Chatham ZBA. Far Fetched Acres is a direct competitor of Glencadia Dog Camp. Will advises that Ms. Safford advised him that you are in favor of Far Fetched Acres application. This constitutes the appearance of an impropriety. Your thoughts on this issue will be most appreciated. I remain,

Very Truly Yours
LYNCH & HETMAN, PLLC
*Peter A. Lynch*
PETER A. LYNCH, ESQ.

Cc  Zoning Board of Appeals
    C/o Shirley Narzynski, Secretary to the Board

    Will Pflaum via e-mail

TOSZBA 00443

WHITEMAN
OSTERMAN
& HANNA LLP

Attorneys at Law
www.woh.com

David R. Everett
Partner
518.487.7743 phone
deverett@woh.com

One Commerce Plaza
Albany, New York 12260
518.487.7600 phone
518.487.7777 fax

August 10, 2011

Via E-mail

Peter A. Lynch, Esq.
Lynch & Hetman, PLLC
111 State Street, 1st Fl.
Albany, NY 12207

Re: Glencadia Kennel – Amended Site Plan Application
Reimbursement for Engineering Services

Dear Peter:

As a follow-up to my last letter to you dated June 3, 2011, enclosed are three invoices from the Town Engineer, Ray Jurkowski of Morris Associates, related to the work he performed in assisting the Planning Board with your client's amended site plan application before he withdrew it on May 23, 2011. The invoices are dated April 25, 2011; May 23, 2011; and July 12, 2011. These invoices total $932.20.

As you know, the Town's Zoning Ordinance requires Mr. Pflaum to reimburse the Town for these invoices. To that end, please have your client send a check for $932.20 made payable to the Town of Stuyvesant at the following address: Melissa Naegeli, Town Clerk, Town of Stuyvesant, PO Box 250, Stuyvesant, New York 12173.

If you have any questions, please let me know. Thank you kindly for your attention to this matter.

Very truly yours,

David R. Everett

Enclosures
c: William Pflaum
   Valerie Bertram
   Melissa Naegeli
   Gale Bury
   Ray Jurkowski, P.E.

w:\17700\17703\cor\lynch ltr 8.10.11.docx

TOSZBA 00758

| Invoice | Morris Associates, PLLC |
| | 9 Elks Lane |
| | Poughkeepsie, NY 12601 |
| | (845) 454 - 3411 |

April 25, 2011
Project No: 211906.000
Invoice No: 0061010

Town of Stuyvesant
Attn: Melissa Naegeli, Town Clerk
P.O. Box 250
Stuyvesant, NY 12173

Project: 211906.000    Glencadia Dog Camp PB Review

**Professional services from March 13, 2011 to April 16, 2011**

**Professional Personnel**

|  |  | Hours | Rate | Amount |
|---|---|---|---|---|
| 046 Review Applicant's Submission | | | | |
| Jurkowski, Raymond | 3/28/11 | 1.00 | 140.00 | 140.00 |
| 059 Meet with Attorney | | | | |
| Jurkowski, Raymond | 3/31/11 | 1.00 | 140.00 | 140.00 |
| 071 Attend Planning Board Meeting | | | | |
| Jurkowski, Raymond | 3/28/11 | 2.00 | 140.00 | 280.00 |
| 083 Correspond with Attorney | | | | |
| Jurkowski, Raymond | 3/28/11 | 0.60 | 140.00 | 84.00 |
| Totals | | 4.60 | | 644.00 |

**Total Labor**                                          644.00

                                          Total this invoice    $644.00

| Billings to date | | Current | Prior | Total |
|---|---|---|---|---|
| | Labor | 644.00 | 0.00 | 644.00 |
| | Totals | 644.00 | 0.00 | 644.00 |

| | | |
|---|---|---|
| **Invoice** | Morris Associates, PLLC | |
| | 9 Elks Lane | |
| | Poughkeepsie, NY 12601 | |
| | (845) 454 - 3411 | |

May 23, 2011
Project No: 211906.000
Invoice No: 0061377

Town of Stuyvesant
Attn: Melissa Naegeli, Town Clerk
P.O. Box 250
Stuyvesant, NY 12173

Project: 211906.000      Glencadia Dog Camp PB Review

**Professional services from April 17, 2011 to May 14, 2011**

**Professional Personnel**

| | Hours | Rate | Amount |
|---|---|---|---|
| 071 Attend Planning Board Meeting | | | |
| Jurkowski, Raymond   4/25/11 | 1.00 | 140.00 | 140.00 |
| Totals | 1.00 | | 140.00 |

Total Labor                                              140.00

Total this invoice        $140.00

**Outstanding Invoices**

| Number | Date | Balance |
|---|---|---|
| 0061010 | 4/25/11 | 644.00 |
| Total | | 644.00 |

| Billings to date | Current | Prior | Total |
|---|---|---|---|
| Labor | 140.00 | 644.00 | 784.00 |
| Totals | 140.00 | 644.00 | 784.00 |

TOSZBA 00760

**Invoice**

Morris Associates, PLLC
9 Elks Lane
Poughkeepsie, NY 12601
(845) 454 - 3411

July 12, 2011. *Revised*
Project No: 211906.000
Invoice No: 0061705

Town of Stuyvesant
Attn: Melissa Naegell, Town Clerk
P.O. Box 250
Stuyvesant, NY 12173

Project: 211906.000      Glencadia Dog Camp PB Review

Professional services from May 15, 2011 to June 11, 2011

**Professional Personnel**

| | | Hours | Rate | Amount |
|---|---|---|---|---|
| 015 Word Processing | | | | |
| Berryann, Charmaine finalize rvw ltr | 5/23/11 | 0.20 | 41.00 | 8.20 |
| 091 Prepare Project Correspondence | | | | |
| Jurkowski, Raymond prepare correspondence | 5/23/11 | 1.00 | 140.00 | 140.00 |
| Totals | | 1.20 | | 148.20 |

**Total Labor**                                                                 148.20

Total this invoice         $148.20

TOSZBA 00761

WHITEMAN
OSTERMAN
& HANNA LLP

Attorneys at Law
www.woh.com

David R. Everett
Partner
518.487.7743 phone
deverett@woh.com

One Commerce Plaza
Albany, New York 12260
518.487.7600 phone
518.487.7777 fax

September 6, 2011

Via Email - plynch@lynchesq.com

Peter Lynch, Esq.
Lynch & Hetman, PLLC
111 State Street, First Floor
Albany, NY 12207

   Re: *Stuyvesant: Glencadia Dog Kennel - Request For Reimbursement of Professional Engineering Fees*

Dear Peter:

  I am writing to respond to your letter to me dated August 16, 2011 in which you object to the Planning Board's request for your client to reimburse it for the fees incurred by the Town Engineer in reviewing your client's amended site plan (including his noise study, physics paper and other related materials). I respectfully disagree with the objections in your letter.

  The Town's Zoning Ordinance is clear on this issue. Section 9 ("Reimbursable Costs") states that "reasonable costs incurred by the Planning Board for private consultation fees of a planner, engineer, attorney or other extraordinary expenses in connection with the review of a proposed site plan shall be charged to the applicant ...." (Emphasis added).

  In Section 9, the engineering fees that may be charged to your client are not limited in any way except that they must be reasonable. Under the circumstances, Mr. Jurkowski's small fee is more than reasonable in this matter and it is the same fee that Mr. Jurkowski charges the Town.

  Your client's objections are based entirely on a separate provision in Section 9 which provides that "[t]he Board may require such costs to be paid in advance, not to exceed 5% of the total project cost ...." (Emphasis added). Based on this provision, your client asserts that his request for an amended site plan did not entail any "project costs" so therefore, no reimbursable costs are owed to the Town. Your client misunderstands the law. This provision relates only to the advanced payment of fees and limits such advanced payment to 5% of the project costs. As

you know, your client never paid (and was never asked to pay) any of these fees in advance. As a result, his reliance on this provision is misplaced and inapplicable here.

Moreover, it must be noted that nowhere in Section 9 does it say that an applicant is relieved of its responsibility to reimburse the Town for any engineering costs simply because there may or may not be "project costs." Such a position defeats the entire purpose of the Ordinance—to reimburse the Town for the costs necessary to review your client's application. In this case, your client submitted a request for an amended site plan (including a noise study and other related material) that required the Planning Board to consult with the Town Engineer on technical issues related to noise. But for your client's request, the Town would not have incurred these engineering fees.

In your letter, you also assert that there was no intent or notice to impose any such fees on your client. This is incorrect. Throughout the amended site plan review process, your client was notified both in writing and verbally at Board meetings that he would be responsible for these fees. In addition, he was fully aware of the Town's "reimbursement ordinance" because he dealt with it previously in connection with his original site plan and subdivision applications. From the record, it is clear that your client was fully aware that the Town Engineer was reviewing his request for an amended site plan and incurring fees, but he raised no objections to the work until after the fees had been incurred.

Your client's voluntary withdrawal of his amended site plan application (after the Town's engineering fees were incurred) does not obviate his liability for these fees under Section 9 of the Ordinance.

Please note that under Section 9, your client is also responsible for reimbursing the Town for my fees needed to assist the Planning Board in reviewing your client's amended site plan. However, in an effort to remain conciliatory toward your client, the Town has not asked for the reimbursement of those fees.

Based on the foregoing (as well as my prior letters to you on this subject) the Town hereby renews its request for your client to reimburse it for $932.20 in professional engineering fees incurred for reviewing your client's amended site plan application.

If you have any questions or would like to discuss this matter further, please feel free to call or email me as noted above.

Thank you kindly for your attention to this matter.

Very truly yours,

David R. Everett

w:\17700\17703\cor\lynch ltr 9.6.11.docx

TOSZBA 00465

c:  Planning Board Members
    Ray Jurkowski, P.E.
    ZBA Members
    Melissa Naegeli, Town Clerk